```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/20/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER A. TOTTEN,

                              Plaintiff,

      v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

                              Defendant.

10 Civ. 01410 (RO)

**ORDER**

OWEN, District Judge:

    Plaintiff Jennifer Totten ("Plaintiff" or "Totten") brings this action seeking judicial review of the final determination of the Commissioner of Social Security (the "Commissioner" or "Defendant") finding that Plaintiff was not entitled to benefits under the Social Security Act's ("SSA" or the "Act") Federal Old-Age, Survivors, and Disability Insurance Benefits ("OASDI") program, 42 U.S.C. §§ 401-434, as amended, and the Supplemental Security Income for Aged, Blind, and Disabled ("SSI"), 42 U.S.C. §§ 1381-1383f, as amended.

    Both Defendant and Plaintiff moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). This Court concurs with the Report and Recommendation of Magistrate Judge Kevin Nathaniel Fox (the "Report"). Accordingly, the parties' motions for judgment on the pleadings are denied and this case is hereby remanded to the Commissioner for further development of the record and reconsideration.

1

## BACKGROUND

The factual background of this action is provided at length in the Report in "medical evidence" and "non-medical evidence" sections and will not be repeated in detail here.

Plaintiff applied for disability insurance benefits in September, 2007. Plaintiff's application was denied on March 3, 2008, at which time Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on June 10, 2009.
The ALJ issued a decision on September 11, 2009, finding that Plaintiff was not disabled within the meaning of the Act. Plaintiff requested review of the ALJ's decision before the SSA's Office of Disability Adjudication and Review. On December 23, 2009, this request was denied, and the ALJ's decision became the final decision of the Commissioner.

Plaintiff filed this action on February 22, 2010, alleging that the ALJ erred in denying benefits (Docket Entry No. 2.) The Commissioner answered on August 6, 2010 (Docket Entry No. 12) and thereafter filed a motion for Judgment on the Pleadings. (Docket Entry No. 13.) Plaintiff cross-moved for judgment on the pleadings on September 7, 2010 (Docket Entry No. 15).

Magistrate Judge Fox issued the Report and Recommendation on March 16, 2011 in which he recommended that this case be remanded to the Commissioner. (Docket Entry No. 19.) Plaintiff filed objections to the Report pursuant to Federal Rule of Civil Procedure 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) (Docket Entry Nos. 22-23), as did Defendant (Docket Entry No. 24), and Plaintiff filed a reply (Docket Entry No. 26.) This case was thereafter transferred to this Court. (Docket Entry No. 27.)

## DISCUSSION

### A. <u>Standard of Review</u>

United States Magistrate Judges hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation. In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A party may file "specific written objections," Fed R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and in that case, the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. § 636(b)(1); *First Union Mortgage Corp., v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000). A district court judge, in making such determination, has discretion in the weight placed on proposed findings and recommendations and may afford a degree of deference to the Report and Recommendation. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980). Objections to a Report and Recommendation are to be "specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992). Objections that are "merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review." *See Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, at *1, 2002 U.S. Dist. LEXIS 18270 (S.D.N.Y. Sept. 30, 2002).

Where no timely objection has been made by either party, a district court need only find that "there is no clear error on the face of the record" in order to accept the Report and

3

Recommendation. *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court also reviews the Report and Recommendation for clear error.

The Social Security Act defines the term "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A person will be found disabled only if it is determined that his "impairments are of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Any individual may appeal from a final decision of the Commissioner of Social Security to a United States District Court. 42 U.S.C. § 405(g). A reviewing court limits its inquiry to a review of the administrative record to determine whether there is substantial evidence supporting the Commissioner's decision and whether the correct legal standard was applied. *See Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002); *see* 42 U.S.C. § 405(g). Accordingly, it is not the role of reviewing courts to make *de novo* decisions on disability determinations nor to substitute its own judgment, but rather to consider the record as a whole in assessing whether the Commissioner's conclusion is supported by enough "relevant evidence as a reasonable mind might accept as adequate" to support that conclusion. *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003).

As such, an ALJ's decision will be set aside "only where it is based upon legal error or is not supported by substantial evidence." *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir.1998). Upon

4

review, a court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Butts v. Barnhart,* 388 F.3d 19 377, 384 (2d Cir.2004).

### B. Disability Determination

In evaluating a disability claim, regulations issued pursuant to the Act set forth a five-step process that the Commissioner must follow. *See* 20 C.F.R. § 404.1520(a)(4).

First, the Commissioner will consider whether the claimant is engaged in "substantial gainful activity." *Id.* at § 404.1520(a)(4)(i),(b). If the claimant is so engaged, then the Commissioner will find that the claimant is not disabled. *Id.* Second, the Commissioner considers the medical severity of the claimant's impairments. *Id.* at § 404.1520(a)(4)(ii). The claimant's impairment will not be deemed severe "[i]f [he or she] do[es] not have any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities." *Id.* at § 404.1520(c). Third, if it is found that the claimant's impairments are severe, the Commissioner will determine if the claimant has an impairment that meets or equals one of the impairments presumed severe enough to render one disabled, listed in Appendix 1 to Part 404, Subpart P of the Social Security Regulations. *See id.* at § 404.1520(a)(4)(iii),(d). If the claimant's impairments are not on the list, the Commissioner considers all the relevant medical and other evidence and decides the claimant's residual functional capacity. *See id.* at § 404.1520(e). Then, the Commissioner proceeds to the fourth step to determine whether the claimant can do his or her past relevant work. *See id.* at § 404.1520(a)(4)(iv),(e)-(f). Finally, if it is found that the claimant cannot do his or her past relevant work, the Commissioner will consider the claimant's residual functional capacity, age,

5

education, and work experience to see if he or she can make an adjustment to other work. *See id.* at § 404.1520(a)(4)(v),(g).

The claimant bears the burden of proof on the first four steps of this analysis. *DeChirico v. Callahan,* 134 F.3d 1177, 1180 (2d Cir. 1998). If the ALJ concludes at an early step of the analysis that the claimant is not disabled, he or she need not proceed with the remaining steps. *Williams v. Apfel,* 204 F.3d 48, 49 (2d Cir. 2000). If the fifth step is necessary, the burden shifts to the Commissioner to show that the claimant is capable of other work. *DeChirico,* 134 F.3d at 1180 (citation omitted).

The ALJ determined that Plaintiff was not disabled from June 1, 2006 through September 11, 2009, the date of the decision. Plaintiff asserts that the ALJ's decision is not supported by substantial evidence on the following bases: 1) the ALJ failed to combine Plaintiff's impairments; 2) the ALJ improperly did not give controlling weight to the treating physician's opinion, failed to clarify evidence from him, and failed to substantiate the failure to give the treating physician controlling or significant weight, and in doing so, the ALJ improperly substituted his own judgment related to Plaintiff's impairments, contrary to 20 C.F.R. § 404.1527(d); 3) the ALJ did not adequately explain why Plaintiff's impairments did not meet the listing of impairments; 4) the ALJ misapplied vocational guidelines; 5) the ALJ improperly assessed Plaintiff's credibility; and 6) the ALJ failed to employ a vocational expert.

The ALJ determined, under the first two steps under 20 C.F.R. § 404.1520(a)(4) that Plaintiff had not engaged in substantial gainful activity since the onset of her alleged disability and that Plaintiff suffered from severe impairments of obesity, bipolar disorder, substance abuse, and back impairment.

Related to step three, the Report finds that the Plaintiff had not sufficiently demonstrated that the ALJ failed to consider the extent of Plaintiff's exertional limitations in standing and walking, and that the ALJ's findings in this regard were supported by substantial evidence in the record. To this extent, the Report found that the ALJ had properly considered the effect of Plaintiff's obesity on other impairments, and that Plaintiff's argument that the ALJ did not combine the effects of Plaintiff's impairments was without merit.

The Report finds that the ALJ failed to adequately demonstrate the reasons for not giving the opinion of Plaintiff's treating physician controlling weight. The Report also finds that the ALJ did not provide enough information under the regulations related to assessing the opinion of Plaintiff's treating physician in the event that opinion is contradicted by other medical evidence.

If the ALJ finds that a treating medical source's opinion on the claimaint is well-supported by "medically accepted clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, the ALJ is to give it controlling weight. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(d). In the event the treating source's opinion is not given controlling weight, the ALJ is to apply the following factors: 1) the length of the treatment relationship and frequency of examination; 2) the nature and extent of the treatment relationship; 3) the support for an explanation of the opinion; and 4) any other supporting or contradicting factors. *See id.* Failure on the part of the ALJ to provide "good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand." *See Burgess v. Astrue*, 537 F.3d 117, 129-30 (2d Cir. 2008).

Specifically, the Report finds that the ALJ's opinion does not indicate that he considered aspects of Dr. Emmanuel's opinion, including the length of Plaintiff's relationship with Dr. Emmanuel and the frequency and nature of the treatment relationship. The Report finds that the

ALJ's decision fails to explain the factors he considered in assessing how much weight to give to Dr. Emmanuel's opinion and similarly does not adequately explain his reasons for rejecting that opinion. The Report also finds that the ALJ failed to address an internal inconsistency in one of Dr. Emmanuel's reports, specifically of June 2009, as well as the inconsistency between Dr. Emmanuel's opinion and that of Dr. Halpern, and that the ALJ failed to seek additional information that could have been used to clarify these inconsistencies.

The Commissioner objects to the Report, arguing that the ALJ demonstrated that he considered reports of Dr. Emmanuel in the form of notes from September, October, and November, 2007 and that the ALJ properly considered various other factors including prior statements made by Plaintiff.

After reviewing the record in light of the Report and the parties' objections, this Court concurs with the Report's finding that the ALJ did not sufficiently support the failure to give controlling weight to Plaintiff's treating physician

The Report found that the ALJ sufficiently explained the findings that Plaintiff's impairments do not medically equal the listing impairments. This Court concurs with the Report's finding. The Report also found that the ALJ's findings in assessing Plaintiff's credibility were within his discretion in light of the full record. Credibility findings made by an ALJ are entitled to deference by a reviewing court. *See Tejada v. Apfel*, 167 F.3d 770, 775-76 (2d Cir. 1999) (stating that the ALJ may decide to discredit a claimant's subjective complaints about impairment); *see also Aponte v. Sec'y, Dep't of Health & Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984) (stating that it is the role of the Commissioner and not the reviewing court to assesses the credibility of the claimant and other witnesses, and such assessments shall not be disturbed by a reviewing court as long as they are supported by substantial evidence).

Magistrate Judge Fox properly deferred to the ALJ's credibility determinations related to subjective evidence of pain experienced by the Plaintiff, and the Court finds no reason to upset those findings.

With regard to the fourth step, the Report finds that the ALJ erred with respect to findings on Plaintiff's residual functional capacity. Specifically, the Report states that the ALJ was incorrect in not performing a function-by-function assessment of some of the tasks Plaintiff has to perform. The Report also found that the ALJ failed to discuss some functions entirely and improperly did not inquire about Plaintiff's prior work experiences. The Report also found that the ALJ failed to separately address Plaintiff's nonexertional functions.

Defendant argues that the ALJ was proper in not finding additional limitations because such limitations are unsupported by the record and that the function-by-function assessment was properly substantiated. Defendant also asserts that any failure by the ALJ to compare Plaintiff's residual functional capacity more specifically with Plaintiff's past work was harmless.

The Report explains that because the ALJ determined at step four that Plaintiff was not disabled, he did not proceed to step five of the analysis. The Report also finds that the record contains conflicting information regarding the level of Plaintiff's education, and that the ALJ's finding that Plaintiff has "at least a high school education" is not based on substantial evidence. Defendant asserts that the record contains substantial evidence supporting the ALJ's finding that plaintiff had earned a general equivalency diploma ("GED") and that under the Commissioner's regulations, a GED is functionally equivalent to a high school diploma.

This Court holds that the ALJ's finding that Plaintiff had "at least a high school education" was based on substantial evidence. The record contains sufficient evidence to conclude that Plaintiff earned a GED in 1997. In addition, the SSA's Program Operations

9

Manual System ("POMS") indicates that a GED is considered equivalent to a high school education. *See* DI 25001.001, Medical-Vocational Quick Reference Guide and DI 25015.005, Age as a Vocational Factor (stating that a GED certificate is considered in the category of "[f]ormal schooling completed at a level of 12th grade and above" and that "[p]ossession of a [GED] is generally not an additional adversity as it is comparable to a high school education.")

Accordingly, this Court finds that the ALJ's finding that Plaintiff had at least a high school education was supported by substantial evidence.

## CONCLUSION

For the reasons stated above, this Court concurs with the Report and Recommendation of Magistrate Judge Kevin Nathaniel Fox, with one exception: this Court finds that the ALJ's conclusion that Plaintiff had at least a high school education was supported by substantial evidence.

Accordingly, Defendant's motion for judgment on the pleadings (Docket Entry No. 13) is denied, and Plaintiff's motion for judgment on the pleadings (Docket Entry No. 15) is also denied. This case is hereby remanded to the Commissioner for further development of the record and reconsideration of Plaintiff's disability claim.

SO ORDERED.

December 19, 2012

RICHARD OWEN
UNITED STATES DISTRICT JUDGE